1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZIZUDDIN SALAHUD-DIN,

                  Plaintiff,

     v.

CERTAIN UNKNOWN CLERKS
EMPLOYED BY KING COUNTY
CLERK'S OFFICE, *et al.*,

               Defendants.

Case No. C20-210-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Mot. (Dkt. # 11).) Plaintiff did not submit a response to Defendants' motion but submitted a motion for default judgment. (Dkt. # 13.) Having considered Defendants' submissions, the balance of the record, and the governing law, the Court orders that the Defendants' motion is GRANTED.

## II.    BACKGROUND

Plaintiff, proceeding *pro se*, submitted his § 1983 complaint against Defendants "Certain Unknown Clerks Employed by King County Clerk's Office" in King County Superior Court.

ORDER - 1

1    (Dkt. # 3-1.) Plaintiff subsequently filed an amended pleading adding Defendant David Roberts.

2    (Dkt. # 1-1.) Defendants removed this matter to the United States District Court in the Western

3    District of Washington on February 11, 2020 and submitted an answer on February 13, 2020.

4    (Dkt. ## 1, 6.) Defendants submitted the instant motion on May 13, 2020. (Dkt. # 11.)

5    Plaintiff's initial complaint alleges that Defendants Certain Unknown Clerks Employed

6    by King County Clerk's Office filed a 2008 criminal judgment and sentence against him under

7    the name Jerome Steven Talley, his birth name, rather than his current name Azizuddin Salahud-

8    Din. (Dkt. # 3-1 at 2-4.) Plaintiff also alleged his constitutional right to a speedy sentencing was

9    violated. (*Id.* at 3.) Plaintiff's amended complaint alleges Defendant Roberts filed the jury

10   verdict form in the above-mentioned criminal proceeding. (Dkt. # 1-1 at 2.)

11   Certified records from King County Superior Court show Plaintiff was charged as Jerome

12   Talley, AKA Azizuddin Salahud-Din, with a criminal offense in 2007. (Kanner Decl. (Dkt. #

13   12), Ex. A.) After a trial and several continuances of sentencing, Plaintiff was sentenced on

14   December 10, 2008. (*Id.*, Exs. B-F.) For the reasons discussed below, the Court finds this action

15   should be dismissed.

16                                   **III.    DISCUSSION**

17   **A.    Rule 12(c)**

18   Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

19   pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). A court "must accept all

20   factual allegations in the complaint as true and construe them in the light most favorable to the

21   non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted); *see*

22   *also Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 (9th Cir.

23   2011) (explaining that the court "assume[s] the facts alleged in the complaint are true").

1  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute,

2  and the moving party is entitled to judgment as a matter of law." *Id.*; *see Lyon v. Chase Bank*

3  *USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).

4        **B.**     **Statute of Limitations**

5        Defendants argue this matter should be dismissed because the statute of limitations period

6  has expired. (Mot. at 3.) Federal courts borrow statutes of limitation for § 1983 claims from state

7  law, specifically the state's "general or residual statute for personal injury actions." *Owens v.*

8  *Okure,* 488 U.S. 235, 250 (1989). In the state of Washington, RCW 4.16.080(2) provides a three-

9  year limitations period. *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991).

10  Because Plaintiff's complaint raises claims regarding a 2008 judgment and sentence, the Court

11  finds Plaintiff's action should be dismissed as barred by the statute of limitations.

12        **C.**     **Failure to State a Claim**

13        Defendants also argue Plaintiff failed to state any plausible cause of action against them.

14  (Mot. at 4.) Federal Rules of Civil Procedure 8(a) provides that in order for a pleading to state a

15  claim for relief it must contain a short and plain statement of the grounds for the court's

16  jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

17  and a demand for the relief sought. The statement of the claim must be sufficient to "give the

18  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

19  *v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to

20  raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

21  555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible

22  on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23

In order to state a claim for relief under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Defendants argue Plaintiff's claims should be dismissed because court clerks are entitled to quasi-judicial immunity. (Mot. at 4.) "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cle*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) A similar immunity extends to other government officers whose duties are related to the judicial process. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity unless acts were done in the clear absence of all jurisdiction); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (duties of clerks, bailiffs, and court reporters all relate to the judicial process). Therefore, allegations where judicial officers are carrying out duties related to the judicial process, such as entering judgments and sentences, fall within the purview of judicial or quasi-judicial immunity. Because the only allegations against Defendants are that they filed pleadings in his criminal matter, a function they performed as part of their employment, the Court finds Plaintiff has failed to articulate a legal basis for his claims.

In addition, Plaintiff has failed to state a plausible cause of action against Defendants regarding his assertion that he was denied the right to a speedy sentencing. Plaintiff consented to waive speedy sentencing on three occasions. (Kanner Decl., Exs. C-E.) In his last waiver, Plaintiff agreed to extend his right to be sentenced until December 31, 2008 and records show he was sentenced before that date. (*Id.*, Exs. E, F.) Plaintiff has not alleged that the waivers are in any way invalid. Accordingly, Plaintiff has failed to state a plausible claim.

### D.   *Heck v. Humphrey*, 512 U.S. 477 (1994)

Defendants lastly argue Plaintiff's action must be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Mot. at 5.) In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 513 U.S. at 489.

Here, Plaintiff's claims arise from his criminal judgment and sentence and he has not demonstrated that either have been reversed, expunged, invalidated, or impugned. Accordingly, under *Heck*, Plaintiff's § 1983 claims is not cognizable and this action must be dismissed.

### E.   Request for Default

As noted above, Plaintiff submitted a motion for default judgment. (Dkt. # 13.) Plaintiff appears to assert that Defendants have failed to plead or defend themselves in this action, and that they have failed to substantially comply with notice of appearance requirements. (*Id.* at 2.) The Court finds Defendants have properly made appearances in this matter and adequately defended themselves through both their answer and motion to dismiss. Although Defendants have not yet had the opportunity to respond to Plaintiff's default motion, the Court finds the motion moot given that this action is being dismissed.

1

## IV.   CONCLUSION

2      For the foregoing reasons, Defendants' motion (dkt. # 11) is GRANTED and Plaintiff's

3  complaint is dismissed with prejudice. Defendant's motion for default (dkt. # 13) is DENIED.

4  The Court is directed to send a copy of this Order to the parties.

5      Dated this 7th day of July, 2020.

6

7

8                                      MICHELLE L. PETERSON
                                       United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23